The plaintiffs Jules Clement, Sr., Marie Anais Doucet, his wife, and Lindsey H. Dunn have instituted this suit to annul an oil lease granted in 1901 by Jules Clement, Sr., to S.A. Spencer Co., the author in title of the five defendants to this suit.
Jules Clement and his wife withdrew from the suit, before the appearance of any of the defendants, and moved that their demands be dismissed on the ground that the suit is not well founded in law and in fact.
Their coplaintiff, Dunn, opposed this withdrawal and dismissal on the ground that, in bringing the suit, he had acted under a power of attorney from Jules Clement; that he had employed a law firm to sue for the cancellation of the lease; and "that it would be detrimental and of great damage to your appearer for said Jules Clement and his wife to withdraw from said suit after appearer has legally and lawfully acted under the power of attorney referred to; and the said Jules Clement and his wife have no right, regardless of such detriment and damage, to withdraw as co-plaintiffs from this cause without the consent of your appearer, which he has not given and does not give."
From the order of the lower court, dismissing the suit as to Clement and his wife, Dunn has taken this appeal.
It is provided in article 491 of the Code of Practice that "the plaintiff may, in every stage of the suit previous to judgment being rendered, discontinue the suit on paying the costs."
Regardless of the power of attorney given to Dunn by Jules Clement, Clement and his wife are owners of a three-fourths interest in the mineral rights involved in the case, and we see no good reason why they, as co-owners with Dunn, may not have the suit *Page 272 
dismissed as to themselves and their interest, which is not affected by the power of attorney in the case.
We are not called upon, in this particular proceeding, to determine the rights of Dunn, the plaintiff remaining in the suit, who is co-owner of one-fourth interest in the lease in question.
In the lower court, defendants have tendered exceptions of no right or cause of action to the petition of plaintiffs, and these exceptions have not yet been disposed of by the trial judge.
The sole issue upon which we pass in this case is as to the right of the coplaintiffs, Clement and his wife, to dismiss the suit as to themselves. All rights of action which Dunn may have in the case, either individually as co-owner, or under the power of attorney from Clement, are fully reserved for future adjudication.
Judgment affirmed.